D. W. WITMER, Appellant, v. VALLEY NATIONAL BANK of Des Moines, et al., Appellees.

No. 43638.

May 11, 1937.

Rehearing Denied January 21, 1938.

John McLennan and Joe Taggart, for appellant.

Lehmann, Hurlburt & Hossfeld, for appellees.

Mitchell, J.—In October of 1932 the plaintiff filed a petition in the district court of Polk County, Iowa, against the defendants, in which he alleged that he was the owner of an undivided one-fourth interest and that his sisters were the owners of an undivided three-fourths interest in 25 acres of land, which he duly described; that the said real estate was of the reasonable market value of $140,000; that it was encumbered for the sum of $14,000 or $15,000, by a first mortgage, held by Robert McClelland; and that the reasonable value of his undivided one-fourth interest was $35,000, subject to the lien of the first mortgage; that his sisters were indebted to the defendant bank upon promissory notes; that the bank, acting thru its duly qualified and acting officers, threatened immediate suit against the sisters and by threats and duress and by false and fraudulent representations secured from them a second mortgage upon the 25 acres as security for the indebtedness which the sisters owed; that one of the sisters signed thereto the name of plaintiff and his wife as attorney in fact for plaintiff; that the officers and agents of the defendant bank well knew that the said Victoria C. Darling, who signed the mortgage as attorney in fact for plaintiff, had no right or authority

to sign said mortgage; that the mortgage was executed without the knowledge of the plaintiff and without consideration; that he had no knowledge said mortgage was executed until foreclosure was commenced, entitled "Valley National Bank, plaintiff, v. D. W. Witmer et al.," being No. 44919 Equity; that a copy of said notice was published in the Des Moines Daily Record; and that as a result Robert McClelland, the holder of the first mortgage became alarmed and foreclosed his mortgage, securing a decree, under which there was a sheriff's sale; that as a result of the wrongful acts of defendant bank the plaintiff lost all of his interest in said property and suffered damage in the amount of $31,500.

To this petition there was filed a demurrer, which the court sustained.

On the 25th day of April, 1935, appellant filed an amendment in almost the exact words as the original petition. To the amended petition a demurrer was filed, which again was sustained. The plaintiff refused to plead further, and has appealed.

The essential elements of an action for slander of title, which appellant must prove, are: (1) the uttering and publication of the slanderous words; (2) that they were false; (3) that they were malicious; (4) that he sustained special damages thereby; (5) that he had an estate or interest in the property slandered. Hanson v. Hall Mfg. Co., 194 Iowa 1213, 190 N. W. 967; Womack v. McDonald, 219 Ala. 75, 121 So. 57. The issue here is, "Does the petition state a cause of action for slander of title?"

In the case of Insurance Association v. Gilbertson, 129 Iowa 658, at page 661, 106 N. W. 153, 154, this court said:

"The demurrers filed admit all facts well pleaded, but do not, of course, admit conclusions of law, nor do they admit facts which are contrary to law, nor such as are legally impossible."

A demurrer is an effort to make the petition definite, complete and clear, to save time and trouble at the subsequent trial. Courts are properly sympathetic to such an effort and when the attention of the party has been called to the specific weakness of his pleading they require him to remedy clearly and positively the weakness. They assume the pleader is human

and either has or by amendment will make an allegation just as strong in his own favor as the facts permit, and will assume nothing not definitely alleged in his favor.

The first proposition submitted by appellant is that the trial court erred in ruling that the petition does not allege the uttering and publication of slanderous words against the plaintiff's title. Appellant claims the petition alleges publication (1) by recording the mortgage, (2) by commencing the foreclosure action and publishing the original notice.

The malicious filing for record of an instrument known to be inoperative and which disparages the title to land, when followed, as a natural, reasonable and probable result, by special damage to the owner of the land, is actionable. 37 C. J., 130; Kelly v. First State Bank, 145 Minn. 331, 177 N. W. 347, 9 A. L. R. 929; Cronkhite v. Chaplin (C. C. A.), 282 Fed. 579.

There was attached to the petition a mortgage, which was marked Exhibit B. It bears a stamped notation of the recorder of Polk county that the instrument, No. 43333, was filed for record on November 13, 1929, and also a certificate of the recorder of Polk county that the mortgage, Exhibit B, was a photographic copy of the original record in the office of the recorder and recorded in Book 1083, at page 225.

Plaintiff in his petition failed to allege that the mortgage was recorded and no reference was made in the petition to the above indorsement of the mortgage. The petition merely states that a copy of the mortgage, executed by Victoria C. Darling to the defendant bank, was annexed to and made a part of the petition. The sufficiency of the petition must be gathered from its allegations; the omission to allege the recording of the instrument is not supplied by the indorsement of the county recorder. Whether or not the commencement of a foreclosure action and the publishing of the original notice, as alleged in the petition, is an uttering and publishing of slanderous words against appellant's title to land, we do not find it necessary to pass upon and do not do so.

One of the essential elements of an action of slander of title is that special damages be sustained. We turn to the petition to ascertain how the appellant pleads this, and quote:

"After the defendants had procured said false, fraudulent and mutilated mortgage covering all of the premises of the plain-

tiff, they commenced an action of foreclosure thereof in the District Court of the State of Iowa in and for Polk County, entitled Valley National Bank v. D. W. Witmer et al., being No. 44919 Equity, of the records of said District Court, and that said cause of action to foreclose said fraudulent mortgage so obtained by said defendants was commenced on or about the 23d day of October, 1930. That at the time of the commencement of said suit to foreclose said mortgage these defendants well knew of the existence of a first mortgage held by the said Robert McClelland on the premises described herein, belonging to said plaintiff, and that a direct and proximate result of the suit of foreclosure by the Valley National Bank and by its codefendants herein was to cause the said Robert McClelland, the holder of the first mortgage, to become alarmed, and fearing the loss of his mortgage on the premises of the plaintiff, without other cause commenced a suit to foreclose his said first mortgage on or about the 2d day of January, 1931, such action being entitled Robert McClelland v. D. W. Witmer, et al., being No. 45155 Equity, of the records of the District Court of Polk County, Iowa, and that at a later date said mortgage was foreclosed by decree and sale made on said decree, and the date of redemption under said sale expired on June 13, 1932, all of which by this reference is made a part of this petition.

"That as a result of the wrongful acts of the defendants herein and as a direct and proximate consequence of the said act of commencing said foreclosure suit on said false and fraudulent mortgage, this plaintiff lost all of his right, title and interest in and to said premises and was thereby damaged to the extent of the reasonable market value of the same, namely, the sum of $35,000.00, less the amount of the said first mortgage in the sum of about $3,500.00, in all the sum of $31,500.00."

Thus we find that this allegation simply says that McClelland, who had a first lien against this property, duly executed by this appellant, became alarmed and commenced his foreclosure. However, at the time he became alarmed—if he did become alarmed—his mortgage and note must have been due and he must have had the right to foreclose, as appellant's petition alleges that the court entered a decree of foreclosure. McClelland could not have foreclosed his mortgage if it had not been in default, and the appellant could have prevented

that suit by doing what he should have done: by paying what he owed. The petition does not allege the amount of the Mc-Clelland judgment; does not allege the amount of the sale; does not say whether the price was high or low. No facts are alleged which show that this sale in any way damaged Witmer. There could not possibly have been any damage to the appellant by the commencement of this action, due to the fact that the first mortgage holder had a right to do just what he did do—foreclose his mortgage.

Then, under a separate allegation (whether it is a separate count or not, the abstract does not show), appellant alleges:

"Plaintiff further states that as a further result and being the true and proximate cause of the defendant's procuring said false and fraudulent note and mortgage heretofore referred to in this petition, and in fact that at the time these defendants commenced their suit to foreclose said fraudulent mortgage, he the said plaintiff was unable to procure sufficient funds to pay off said first mortgage or to procure sufficient funds to redeem the same, all of which was due to the willful, fraudulent and malicious acts of the defendants herein, and as a result this plaintiff has lost his right, title and interest in and to said real estate, belonging to him and described herein, of the value of at least $35,000.00.''

These of course are mere statements of conclusions of the pleader and were not admitted by the demurrer.

In the case of Arthaud v. Griffin, 205 N. W. 528, this court said:

"The supplemental contract also provided for the payment of $800 on the purchase price August 1, 1921. The court below filed a written opinion holding that the allegation of the petition that 'by reason of the alleged wrongful conduct of the defendant, plaintiff was rendered helpless and unable to comply with his contract of sale of said land and to secure an extension of the time of payment of the $3,500 due John Bingham' was the statement of a conclusion only, and was not admitted by the demurrer. That it was necessary for appellant to allege facts showing some proximate connection between the damages suffered and the act of appellee is obvious.''

It being essential that special damages be alleged, the peti-

tion having failed to allege special damages, the lower court was right in sustaining the demurrer. It necessarily follows that the judgment of the lower court must be, and it is hereby affirmed.—Affirmed.

RICHARDS, C. J., and ANDERSON, PARSONS, and HAMILTON, JJ., concur.