Philip A. DAVITT and Theo B. Davitt, Appellees,

v.

Sam D. SMART, Appellant.

No. 88–1392.

Supreme Court of Iowa.

Dec. 20, 1989.

Rex Darrah, Des Moines, and Emil Trott, Jr. of Barrett & Trott, Des Moines, for appellant.

John P. Dollar, Des Moines, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ and ANDREASEN, JJ.

LARSON, Justice.

The issue in this case is whether a copy of a contract for the sale of real estate, attached as an exhibit to a petition in a suit to enforce that contract, may constitute slander of title. The district court, following a jury trial, ruled that it could. The defendant appealed, and we reverse.

The facts are largely undisputed. On August 5, 1985, defendant, Sam D. Smart, contracted to buy 335 acres of farmland owned by the plaintiffs, Philip A. Davitt and Theo B. Davitt. The contract was made contingent on Smart's obtaining specified financing. Smart did not follow through on the contract, claiming that he could not obtain the financing. Davitts, alleging this was merely a subterfuge, sued Smart for breach of contract. That suit, which ultimately was resolved against Smart, is not involved in this appeal.

While the Davitt–Smart contract suit was pending, Davitts found another buyer for seventy-five of the 335 acres of land previously "sold" to Smart. The new buyer's lawyer, however, objected to the title on the ground that the Davitt–Smart contract filed in the breach-of-contract suit constituted a cloud on the title. The examining attorney required that a quitclaim deed, or an affidavit relinquishing any interest in the real estate, be obtained from Smart. Smart declined to furnish such documents, and Davitts sued him for slander of title. This is the case now before us.

Smart raises three points on appeal: (1) this slander-of-title claim could have been raised in the earlier breach-of-contract suit and is therefore barred under res judicata principles; (2) there was no substantial evidence to support findings of the elements of slander of title; and (3) the court erred in its instructions on damages. Because we conclude that the case must be reversed on the second issue, we do not address the remaining two.

■ There are five elements to a slander-of-title action: (1) an uttering and publication of slanderous words; (2) falsity of those words; (3) malice; (4) special damages to the plaintiffs; and (5) an estate or interest of the plaintiff in the property slandered. *Henderson v. Millis*, 373 N.W.2d 497, 506 (Iowa 1985); *Belcher v. Little*, 315 N.W.2d 734, 736 (Iowa 1982); *Witmer v. Valley Nat'l Bank*, 223 Iowa 671, 673, 273 N.W. 370, 371 (1937). While Smart argues that the plaintiffs failed in additional respects to prove the elements of slander of title, we believe Davitts' failure on the elements of falsity and malice are determinative.

■ In Davitts' petition, they alleged that Smart's refusal to relinquish his claim under the contract amounted to slander. This implied claim-of-title theory, however, was not submitted to the jury. The only theory of the plaintiffs' case was submitted in Instruction 8, which provided:

With regard to paragraph one, of Instruction # 7 [listing the elements for slander of title], "publication" means a communication of the statement to some third person. The "statement" communication and "utterance" can be in writing or by way of written documents. In the present case, the communication of a statement to a third person occurred when Plaintiffs filed their first lawsuit against Defendant for breach of contract *and the offer to buy was made public by way of attachment to the lawsuit papers (the Petition)*. Under these circumstances, Plaintiffs must prove that the Defendant knew or should have known that the utterance (the offer to buy) would come to the attention of a

third person. Additionally, under the circumstances of this case, Plaintiffs must prove that they were under a strong compulsion to make such publication.

(Emphasis added.)

■ The instructions included no reference to the plaintiffs' original theory that Smart had slandered the title by refusing to relinquish his interest in the land by an affidavit or quitclaim deed. Because of the failure of the plaintiffs to request submission of the theory of implied claim of title, that issue was waived, and the instructions as submitted became the law of the case. *Hutchinson v. Maiwurm*, 162 N.W.2d 408, 414 (Iowa 1968). Our application of the test for slander of title must therefore be limited to the theory that publication of the Davitt–Smart contract constituted the offending act.

One of the key elements of slander of title is a showing of falsity. *Henderson*, 373 N.W.2d at 506; *Belcher*, 315 N.W.2d at 736; Restatement (Second) of Torts § 634 (1977). Smart offered to buy the land provided he could obtain the financing as indicated. He failed to meet the conditions and, according to the judgment in the related contract action, breached the contract. But there was no evidence in this case or even a claim that there was anything *false* in the contract. No jury, therefore, could conclude that the offer to buy was a "false" utterance for slander of title purposes.

Malice is another element. A malicious act is said to be deliberate conduct without probable cause. 50 Am.Jur.2d *Libel and Slander* § 544 at 1063 (1970). Malice suggests an intention to vex, injure, or annoy. *Id.*

In *Henderson*, we stated:

It is ... laid down in [a slander-of-title] action that malice is a necessary ingredient to entitle plaintiff to recover; that it is the gist of the action; that it cannot be maintained if the claim was asserted by defendant in good faith, and if the act complained of was founded upon probable cause or prompted by a reasonable belief, although the statement may have been false.

373 N.W.2d at 506 (quoting *Miller v. First Nat'l Bank*, 220 Iowa 1266, 1269, 264 N.W. 272, 274 (1935)). There was no claim of malice in Smart's execution of the contract.

The plaintiffs, and the trial court, relied primarily on *Belcher*, but that case is clearly distinguishable. In *Belcher*, the husband in a dissolution action was ordered to give a quitclaim deed to the residence owned by the parties. He failed to do so; and even after he was ordered to do so by a nunc pro tunc decree, he refused to execute the deed. Most significantly, he affirmatively stated that he had a continuing interest in the property despite the wording of the decree and the subsequent nunc pro tunc order to the contrary. Such statements were clearly false. *Belcher* is not controlling in this case because, as already noted, the theory of wrongful assertion of a claim, as there was in *Belcher*, was not an issue submitted to the jury. The jury was not given the opportunity to decide whether Smart's failure to relinquish his claim to the property satisfied the tests for slander of title.

We conclude that there was no evidence from which a jury could find falsity or malice and therefore the issue of slander of title based on the execution of the contract should not have been submitted. We reverse and remand with instructions to dismiss the plaintiffs' petition.

REVERSED AND REMANDED.