**IN THE COURT OF APPEALS OF IOWA**

No. 18-1966
Filed March 4, 2020

**BENSKIN, INC.,**
    Plaintiff-Appellant,

**vs.**

**WEST BANK,**
    Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.


        Plaintiff appeals the district court decision dismissing its claims of breach of

contract, fraud, and slander of title. **REVERSED AND REMANDED.**


        S.P. DeVolder of The DeVolder Law Firm, P.L.L.C., Norwalk, and William

W. Graham of Duncan Green, P.C., Des Moines for appellant.

        Dennis P. Ogden and Thomas L. Flynn of Brick Gentry, P.C., West Des

Moines, for appellee.


        Heard by Doyle, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

Benskin, Inc. appeals the district court decision dismissing its action against West Bank. The court found Benskin's claims of breach of contract and fraud were barred by the statute of limitations and its claim of slander of title failed to state a claim upon which relief could be granted. Benskin's petition adequately alleged the doctrine of equitable estoppel as a response to West Bank's statute-of-limitations defense to make dismissal of the claims of breach of contract and fraud improper. The petition adequately apprised West Bank of the claim of slander of title, making dismissal of this count for failure to state a claim upon which relief may be granted improper as well. We reverse the decision of the district court and remand for further proceedings.

## I. Background Facts & Proceedings

According to Benskin's petition,[1] on October 6, 2006, in a written loan agreement, West Bank loaned Benskin $800,094, which was secured by loan guarantees by Martin Benskin and Susan Benskin and a real estate mortgage on property in Dickinson County. This agreement was renewed on August 1, 2007, and carried a maturity date of August 1, 2008.

On October 24, 2007, Benskin entered into a written line of credit with West Bank in which the bank agreed to loan Benskin up to $2,000,000. The line of credit was secured by loan guarantees by Martin and Susan and real estate mortgages

---

[1] On a motion to dismiss, "[w]e view the allegations in the petition in the light most favorable to the plaintiff." *Ostrem v. Prideco Secure Loan Fund, LP*, 841 N.W.2d 882, 904 (Iowa 2014).

on property in Dickinson and Polk Counties. Benskin never used the line of credit prior to the date the loan matured on May 30, 2008.

Benskin believed West Bank would release the mortgages from the 2007 agreement after May 30, 2008. Despite representations by West Bank that it would release the 2007 mortgages, it did not do so. Benskin states it first learned on June 27, 2011, that West Bank would not release the 2007 mortgages, and Benskin discovered on July 22, 2016, during the course of other litigation, that West Bank had previously altered its records to show an unauthorized advance from the line of credit to pay off the 2006 loan before the due date. As a result of West Bank's action, Benskin's Polk County property remained encumbered by a mortgage.

On May 18, 2018, Benskin filed an action against West Bank alleging (I) breach of the 2007 contract, (II) breach of the 2006 promissory note, and (III) breach of West Bank's implied duties of good faith and fair dealing. West Bank filed a motion to dismiss, claiming Benskin's action was barred by the limitation periods in Iowa Code sections 524.221(2) and 614.1(4) (2018). Benskin then amended its petition to add counts (IV) fraud, and (V) slander of title. West Bank claimed the amended petition was also barred by the statute of limitations. Benskin resisted the motion to dismiss.

As the district court correctly noted, when considering a motion to dismiss, the court's review is limited to the facts and allegations contained within the four-corners of the pleadings and the court may not consider factual allegations contained in the motion or the documents attached to the motion except for those facts of which judicial notice may be taken. *See Crall v. Davis,* 714 N.W.2d 616,

619 (Iowa 2006). "[F]acts not alleged cannot be relied on to aid a motion to dismiss nor may evidence be taken to support it." *Rieff v. Evans,* 630 N.W.2d 278, 284 (Iowa 2001) (quoting *Ritz v. Wapello Cty. Bd. of Supers.*, 595 N.W.2d 786, 789 (Iowa 1999)).

After a hearing,[2] the district court granted the motion to dismiss. The court found equitable estoppel could apply as a defense to the statute of limitations on the breach-of-contract claims, Counts I–III, but dismissed those three counts. The court, while finding that equitable estoppel applied to breach-of-contact cases, determined that Benskin "does still bear a burden to provide 'clear and convincing' evidence of fraudulent misrepresentation or concealment by West Bank." The court dismissed the first three counts, finding that Benskin had "failed to meet its burden of proof to establish equitable estoppel."

As to Count IV, fraud, the court stated, "simply asserting fraudulent concealment without any clear, specific factual allegations is not enough to warrant the application of the discovery rule." Accordingly, the district court concluded Count IV was barred by the statute of limitations, finding Benskin failed to meet its burden of proof. The court also dismissed Count V because Benskin did not allege the element of "publication," which was necessary for the claim of slander of title. Benskin appeals the district court's ruling.

## II. Standard of Review

Our review of a district court's ruling on a motion to dismiss is for the correction of errors at law. *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa

---

[2] We do not have a transcript of the hearing.

2014). In considering a motion to dismiss, "a court construes the petition in the light most favorable to the plaintiff and resolves any doubts in the plaintiff's favor." *Young v. HealthPort Techs., Inc.*, 877 N.W.2d 124, 128 (Iowa 2016). "A motion to dismiss admits the well-pleaded facts in the petition, but not the conclusions." *Kingsway Cathedral v. Iowa Dep't of Transp.*, 711 N.W.2d 6, 8 (Iowa 2006).

"[T]he statute of limitations bar may be raised by a motion to dismiss." *Rieff*, 630 N.W.2d at 289. A motion to dismiss may be granted "if it is obvious from the uncontroverted facts contained in the petition that the applicable statute of limitations bars the plaintiff's claim for relief." *Venckus v. City of Iowa City*, 930 N.W.2d 792, 809 (Iowa 2019). A defendant has the burden to prove its statute of limitations defense and the plaintiff has the burden to prove an exception to the limitations period. *Ranney v. Parawax Co.*, 582 N.W.2d 152, 154 (Iowa 1998).

"[W]e recognize that whether tolling [of the statute of limitations] is available is often a fact-intensive inquiry for which a ruling on a motion to dismiss or at the summary judgment stage is often inappropriate." *Mormann v. Iowa Workforce Dev.*, 913 N.W.2d 554, 575 (Iowa 2018). "Where the nature of the claim or the pertinent factual allegations are unclear, further development of the record may be necessary." *Venckus*, 930 N.W.2d at 809; *see Turner v. Iowa State Bank & Tr. Co.*, 743 N.W.2d 1, 5 (Iowa 2007). In *Cutler v. Klass, Whicher & Mishne,* 473 N.W.2d 178, 181 (Iowa 1991), the supreme court discussed "the special risks and problems [that] attend premature attacks on litigation by motions to dismiss," stating:

> We recognize the temptation is strong for a defendant to strike a vulnerable petition at the earliest opportunity. Experience has however taught us that vast judicial resources could be saved with

the exercise of more professional patience. Under the foregoing rules dismissals of many of the weakest cases must be reversed on appeal. Two appeals often result where one would have sufficed had the defense moved by way of summary judgment, or even by way of defense at trial. From a defendant's standpoint, moreover, it is far from unknown for the flimsiest of cases to gain strength when its dismissal is reversed on appeal.

The supreme court neither recommends "motions to dismiss in litigation, the viability of which is in any way debatable," nor endorses "sustaining such motions, even where the ruling is eventually affirmed." *Cutler*, 473 N.W.2d at 181; *see Turner v. Iowa State Bank & Tr. Co.*, No. 06-0490, 2007 WL 601547, at *1–2 (Iowa Ct. App. Feb. 28, 2007), *aff'd,* 743 N.W.2d 1 (Iowa 2007).

### III.    Breach of Contract Claims

Benskin claims the district court erred by finding Counts I, II, and III were barred by the statute of limitations in section 524.221(2). This section provides:

> All causes of action, other than actions for relief on the grounds of fraud or mistake, against a state bank based upon a claim or claims founded on a written contract, or a claim or claims inconsistent with an entry or entries in a state bank record, made in the regular course of business, shall be deemed to have accrued, and shall accrue for the purpose of the statute of limitations one year after the breach or failure of performance of a written contract, or one year after the date of such entry or entries. No action founded upon such a cause may be brought after the expiration of six years from the date of such accrual.

Iowa Code § 524.221(2).

**A.**    Benskin raises a defense to the statute of limitations based on the doctrine of equitable estoppel. Benskin states that West Bank's misrepresentations and fraudulent concealment precluded it from knowing it had a cause of action within the limitations period.

The doctrine of equitable estoppel provides a vehicle to toll the statute of limitations. *Mormann*, 913 N.W.2d at 567. The doctrine "prevent[s] a party from benefiting from 'the protection of a limitations statute when by his own fraud he has prevented the other party from seeking redress within the period of limitations.'" *Estate of Anderson ex rel. Herren v. Iowa Dermatology Clinic, PLC*, 819 N.W.2d 408, 414 (Iowa 2012) (quoting *Christy v. Miulli*, 692 N.W.2d 694, 702 (Iowa 2005)). The doctrine of equitable estoppel "precludes a defendant from asserting the statute [of limitations] as a defense when it would be inequitable to permit the defendant to do so." *Christy*, 692 N.W.2d at 701. "[T]he plaintiff must show an affirmative misrepresentation that the [defendant] knew or should have known would delay the filing of a timely claim." *Mormann*, 913 N.W.2d at 578.

In order to establish equitable estoppel, a party must show by clear and convincing evidence "(1) The defendant has made a false representation or has concealed material facts, (2) the plaintiff lacks knowledge of the true facts, (3) the defendant intended the plaintiff to act upon such representations, and (4) the plaintiff did in fact rely upon such representations to his prejudice." *Osmic v. Nationwide Agribusiness Ins. Co.*, 841 N.W.2d 853, 864 (Iowa 2014) (quoting *Hook v. Lippolt*, 755 N.W.2d 514, 524–25 (Iowa 2008)). "[A] party relying on the doctrine of fraudulent concealment must prove the defendant did some affirmative act to conceal the plaintiff's cause of action independent of and subsequent to the liability-producing conduct." *Christy*, 692 N.W.2d at 702.

The district court found Benskin's allegations did not constitute clear and convincing evidence to support its claim of equitable estoppel. Contrary to the district court's analysis requiring the presentation of clear and convincing evidence,

a petition "need only allege facts that, if they were proven, would entitle [a party] to recovery." *See Ostrem*, 841 N.W.2d at 904. "To survive a motion to dismiss, the petition need not allege the ultimate facts to support each element of a cause of action." *Young*, 877 N.W.2d at 127. "However, [the petition] must contain factual allegations sufficient to give the defendant fair notice of each claim asserted so the defendant can adequately respond." *Id.*

In the amended petition, Benskin made the following allegations: (1) "West Bank, through its officers and employees, made multiple representations, now known to have been false"; (2) "Despite its obligation to release the 2007 Mortgages, and contrary to its representations and promises to do so, West Bank failed and refused to release the 2007 Mortgages"; (3) "West Bank intentionally misled [Benskin] by making made false statements and promises"; (4) "[A]n unauthorized advance . . . . was wrongfully concealed by West Bank"; and (5) "West Bank fraudulently misled [Benskin] . . . and . . . wrongfully concealed the fact that it had made an unauthorized advance." Benskin claimed "West Bank's fraud, concealment, misrepresentation, and deception induced [Benskin] to refrain from bringing action on" its breach-of-contract claims.

We determine the petition alleges the elements of equitable estoppel. *See Osmic*, 841 N.W.2d at 864. The petition alleges West Bank made false representations or concealed material facts about the release of the 2007 mortgage and unauthorized advance, Benskin was unaware of the facts, West Bank intended Benskin to refrain bringing a cause of action, and Benskin relied on West Bank's misrepresentations. *See id.* The petition alleges facts, that if they were proven, would establish the statute of limitations should be tolled based on

equitable estoppel. *See Ostrem*, 841 N.W.2d at 904. We find Benskin's petition adequately set out specific evidence to give West Bank fair notice of its claims so West Bank could adequately respond. *See Young*, 877 N.W.2d at 127.

We conclude the district court improperly granted West Bank's motion to dismiss the first three counts of the amended petition due to Benskin's failure to present clear and convincing evidence of fraudulent misrepresentation or concealment.

**B.** Benskin raises several other issues concerning the dismissal of Counts I–III. Benskin claims section 524.221(2) does not apply because West Bank's actions were not made in the regular course of business, the petition was timely under the discovery rule, and section 524.221(2) does not apply to its claim of breach of the duty of good faith and fair dealing. The district court addressed only the issue of equitable estoppel and we conclude Benskin has not preserved error on these claims. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

**IV. Fraud Claim**

**A.** Benskin asserts the district court erred by granting West Bank's motion to dismiss Count IV, which alleged West Bank engaged in fraud. The district court found the claim was untimely under the five-year statute of limitations in section 614.1(4). The court rejected Benskin's defenses, stating, "Benskin has not offered any degree of certainty with the factual allegations it raises in support of either equitable estoppel or application of the discovery rule." The court found

Benskin did not make sufficiently "clear, specific factual allegations" for the defenses to apply.

We have already determined the petition alleges the elements of equitable estoppel. *See Osmic*, 841 N.W.2d at 864. If the facts set out in the petition were proven, the petition would show the statute of limitations should be tolled based on equitable estoppel. *See Ostrem*, 841 N.W.2d at 904. We find Benskin's petition set out sufficiently specific evidence in Count IV to give West Bank fair notice of its claims so West Bank could adequately respond. *See Young*, 877 N.W.2d at 127. We conclude the district court erred by granting West Bank's motion to dismiss the claim of fraud by requiring Benskin to make clear, specific factual allegations for the defense to apply.

**B.**      Benskin also contends the court improperly rejected its assertion that the time period should be extended based on the discovery rule. Under the discovery rule, "the statute of limitations does not begin to run until the injured person has actual or imputed knowledge of all the elements of the action." *Franzen v. Deere & Co.*, 377 N.W.2d 660, 662 (Iowa 1985). Where the discovery rule applies, it tolls the statute of limitations. *Skadburg v. Gately*, 911 N.W.2d 786, 793 (Iowa 2018). The discovery rule applies to claims of fraud. *Hallett Constr. Co. v. Meister*, 713 N.W.2d 225, 231 (Iowa 2006).

Because we have concluded the district court improperly granted the motion to dismiss on the claim of fraud, we do not consider the alternative argument concerning the application of the discovery rule to the facts of this case. *Cf. Next Generation Realty, Inc. v. Iowa Realty Co.*, 686 N.W.2d 206, 208 (Iowa 2004)

(noting where the district court dismisses a petition on alternative grounds, we can consider only one if it is dispositive).

### V.    Claim of Slander of Title

The district court dismissed Count V, slander of title, on the ground the petition failed to adequately set out the elements of a claim for slander of title. Benskin asserts the district court erred by dismissing its claim of slander of title. It states West Bank was apprised of the nature of the claim and no more was required at this stage of the proceedings.

Iowa Rule of Civil Procedure 1.421(1)(f) provides for a pre-answer motion to dismiss for "[f]ailure to state a claim upon which any relief may be granted." The Iowa Supreme Court has stated:

> Under our notice-pleading standards, nearly every case will survive a motion to dismiss for failure to state a claim upon which any relief may be granted. To survive a motion to dismiss, the petition need not allege the ultimate facts to support each element of a cause of action. However, it must contain factual allegations sufficient to give the defendant fair notice of each claim asserted so the defendant can adequately respond. The allegations in a petition comply with this fair-notice requirement if the petition informs the defendant of the general nature of the claim and the incident giving rise to it. In ruling on a motion to dismiss, a court construes the petition in the light most favorable to the plaintiff and resolves any doubts in the plaintiff's favor.

*Young*, 877 N.W.2d at 127–28 (citation omitted); *see also Rees v. City of Shenandoah*, 682 N.W.2d 77, 79 (Iowa 2004) ("The petition need not allege ultimate facts that support each element of the cause of action.").

A claim of slander of title has the following elements: "(1) an uttering and publication of slanderous words; (2) falsity of those words; (3) malice; (4) special damages to the plaintiffs; and (5) an estate or interest of the plaintiff in the property

slandered." *Davitt v. Smart*, 449 N.W.2d 378, 379 (Iowa 1989). The petition states West Bank engaged in slander of title by the "false use of words and documents to encumber the property and [this] was done with malice and lack of good faith." Benskin also alleged it sustained special damages "from its inability to pursue investment and financial opportunities available to it which required unencumbered use of the Des Moines Properties."

The element of publication is essential to a claim of slander of title. *Belcher v. Little*, 315 N.W.2d 734, 737 (Iowa 1982). "'Publication' merely means a communication of the statement to some third person or persons." *Id.* While the petition did not specifically allege "publication of slanderous words," the petition informs West Bank of the general nature of the claim and includes the other elements of a claim of slander of title. The petition does not need to allege the ultimate facts to support each element of a cause of action, including the element of publication. *See Young*, 877 N.W.2d at 127. We conclude the district court erred by granting the motion to dismiss the claim of slander of title.

## VI. Conclusion

We reverse the decision of the district court and remand for further proceedings. With this ruling, we make no findings on the merits of the action. We merely find the case should not be dismissed through a pre-answer motion to dismiss based on the district court's findings that the first three counts should be dismissed due to lack of clear and convincing evidence, the district court's finding that Count IV should be dismissed due to failing to offer any degree of certainty with the factual allegations raised, and the district court's finding that Count V should be dismissed for failure to state to whom the publication was made. Where

the nature of the claim or the pertinent factual allegations are unclear, further development of the record may be necessary. The case may still be subject to dismissal on statute of limitations grounds when more facts have been presented.

**REVERSED AND REMANDED.**