# IN THE COURT OF APPEALS OF IOWA

No. 14-1868
Filed August 19, 2015


**BOB KOPP and SHARON KOPP,**
        Plaintiffs-Appellants,

**vs.**

**AMERICAN BUILDERS & CONTRACTORS
SUPPLY CO., INC. d/b/a ABC SUPPLY CO., INC.,**
        Defendant-Appellee
and
Custom Aluminum Products, Inc.,
        Defendant.

_____


        Appeal from the Iowa District Court for Dubuque County, Monica L.

Ackley, Judge.



        Bob and Sharon Kopp appeal the district court's dismissal of their petition

against American Builders and Contractors Supply.  **AFFIRMED.**



        Peter C. Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, for

appellants.

        Richard K. Whitty and McKenzie R. Hill of O'Connor & Thomas, P.C.,

Dubuque, for appellee.



        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, J.**

Bob and Sharon Kopp appeal the district court's pre-answer dismissal with prejudice of their petition against American Builders and Contractors Supply (ABC) on the ground that applicable statutes of limitation had expired.

In 2004, the Kopps purchased windows from ABC. The windows were manufactured by Custom Aluminum Products (CAP). They were installed in 2005, after which time the Kopps noticed significant defects—"visual rotting, fogging on the glass, and leakage." The Kopps endeavored to have the windows repaired, but each effort failed. They "recently"[1] retained an independent consultant who reported the windows are not able to be repaired and must be replaced.

On February 27, 2014,[2] the Kopps filed their petition at law and jury demand, seeking to recover damages from CAP based on an express limited warranty and from ABC based on the implied warranties of merchantability and fitness for a particular purpose.

Before filing an answer, ABC moved to dismiss the Kopps' petition against it contending the claim was time-barred, citing Iowa Code section 614.1(4) (2013).[3] The Kopps resisted the motion, claiming the applicable statute was

---

[1] The pleadings do not indicate the date on which the consultant evaluated the windows.
[2] The initial petition was amended twice. The final amended petition was filed on July 30, 2014, and accepted by the district court on October 2, 2014.
[3] Section 614.1(4) provides: "Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards: . . . Those founded on unwritten contracts [or] those brought for injuries to property, within five years."

Iowa Code section 554.2725(2),[4] which they claim provides them the benefit of the discovery rule.

ABC's motion made no mention of the Kopps' claim against CAP. The Kopps' petition and resistance to the motion explicitly differentiated between the two different claims as they pertained to the two different defendants and two different theories of liability. CAP did not file a separate motion to dismiss or take any action before the district court on the record before us.[5] In ruling on ABC's motion, the district court ordered, "For the reasons stated in [ABC's] Motion to Dismiss, the Court hereby grants the same." The Kopps appeal.

"A ruling on a motion to dismiss is reviewed for correction of errors at law." *U.S. Bank v. Barbour*, 770 N.W.2d 350, 353 (Iowa 2009). "A court cannot consider factual allegations contained in the motion or the documents attached to the motion." *Turner v. Iowa State Bank & Trust Co.*, 743 N.W.2d 1, 3 (Iowa 2007). "In determining whether to grant the motion to dismiss, a court views the well-pled facts of the petition in the light most favorable to the plaintiff, resolving any doubts in the plaintiff's favor." *Id.*

We agree with the district court that the Kopps' claim against ABC is time-barred. Though the Kopps allege they gain the benefit of the discovery rule, the statute and case law to which they refer us show the opposite is true. Iowa Code

---

[4] Per section 554.2725, as to contracts for the sale of goods:

> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

[5] Nor has CAP participated in this appeal.

section 554.2725(2) plainly states that the discovery rule applies "where a warranty *explicitly* extends to future performance of the goods." (Emphasis added.) The Kopps allege ABC gave only *implied* warranties—the warranties of merchantability and fitness for a particular purpose. Our Supreme Court has made clear that under section 554.2725(2), "all actions for breach of implied warranty accrue at the time of delivery, not at the time the damage is discovered." *Speight v. Walters Dev. Co., Ltd.*, 744 N.W.2d 108, 116 (Iowa 2008). The Kopps' petition against ABC is facially deficient as a matter of law, and the district court correctly dismissed the petition as to ABC.[6]

The Kopps on appeal ask us to reverse the district court's dismissal of its action against CAP without regard to the outcome of their claim against ABC.[7] However, the district court's order did not dismiss the claim against CAP. ABC's reply brief to the district court states explicitly, "[ABC] prays that this Court enter an Order dismissing this action in its entirety *against this Defendant.*" (Emphasis added.) In granting ABC's order, the district court did not dismiss the Kopps' action against CAP because that action was not part of ABC's motion to dismiss. The district court's order had no effect on the Kopps' claim against CAP.

**AFFIRMED.**

---

[6] The Kopps suggest for the first time on appeal that their claim against ABC should alternatively be subject to the fifteen-year statute of repose as provided by Iowa Code section 614.1(11). They did not raise the issue below, and the district court therefore did not rule upon it. It is not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

[7] On appeal, ABC "takes no position with regard to whether the district court properly dismissed the Kopps' claim against [CAP]." CAP itself has not filed a brief in relation to this appeal.