# IN THE COURT OF APPEALS OF IOWA

No. 18-0683
Filed May 1, 2019

**ROBERT J. HEMMINGSEN and CHERYL R. HEMMINGSEN,**
    Plaintiffs-Appellants,

**vs.**

**ROBERT J. MINGS, JANI S. MINGS, and KATHLEEN L. MINGS,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Pottawattamie County, Jeffrey L. Larson, Judge.

The Hemmingsens appeal the district court's grant of summary judgment in favor of the Mings. **AFFIRMED.**

Robert J. Hemmingsen and Cheryl R. Hemmingsen, Council Bluffs, pro se appellants.

Marti S. Sleister of Sleister Law, Fremont, Nebraska, for appellees.

Considered by Vogel, C.J., and Vaitheswaran and Mullins, JJ.

**VAITHESWARAN, Judge.**

We must decide whether the doctrine of claim preclusion bars the present action.

## I. Background Facts and Proceedings

Robert and Cheryl Hemmingsen sued Robert, Jani, and Kathleen Mings for damages allegedly arising from the flow of water and silt residue toward the Hemmingsens' property. They claimed the Mings "altered the natural system of drainage from their domin[an]t estate in such a ma[nn]er as to substantially increase the burden upon [their] servient estate."

The Mings moved for summary judgment.[1] They asserted the present lawsuit raised the same allegations as those contained in two prior lawsuits and the action was barred by the doctrine of claim preclusion.

The district court granted the summary judgment motion. After taking judicial notice of prior court files, the court concluded the first lawsuit was "identical in alleging the Mings interfered with the enjoyment of the [Hemmingsens'] property." The court acknowledged a "difference" in the second lawsuit's "theory of recovery" but found the difference did not entitle the Hemmingsens to "a second day in court." The Hemmingsens appealed.

## II. Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

---

[1] They first filed a motion to dismiss, which the district court denied.

entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3); *Bandstra v. Covenant Reformed Church*, 913 N.W.2d 19, 36 (Iowa 2018).

### A.    *Judicial Notice*

As a preliminary matter, we address the district court's decision to take judicial notice of the court files in the earlier cases. "Judicial notice is defined as 'the cognizance of certain facts which judges and jurors may properly take and act on without proof because they already know them.'" *McBeth v. Merchants Motor Freight, Inc.*, 79 N.W.2d 303, 325 (Iowa 1956) (citation omitted). "[O]rdinarily judicial notice may not be taken of court proceedings in related but wholly different cases." *In re Adkins*, 298 N.W.2d 273, 277 (Iowa 1980). But there are exceptions, "providing certain safeguards are followed." *Id.* at 277–78. Specifically, "[p]apers requested to be noticed must be marked, identified, and made a part of the record. Testimony must be transcribed, properly certified, marked and made a part of the record. Trial court's ruling . . . should state and describe what it is the court is judicially noticing." *Id.* at 278. Even if a party asks the district court to take judicial notice of the complete record in a case, the party must still identify those portions of the record it relies on to support summary judgment. *Schmidt v. State*, 909 N.W.2d 778, 801 (Iowa 2018).

The Mings referred to the two prior lawsuits and quoted portions of the petitions and rulings from those lawsuits in their summary judgment motion. However, they did not attach the documents to their motion. The only item they formally introduced into the summary judgment record was a portion of a transcript from the first action summarizing a settlement reached between the parties. In resisting the motion, the Hemmingsens similarly did not identify and introduce

pertinent portions of the prior proceedings. To decide a question of claim preclusion, "it is necessary for the court to have before it the appropriate court records from the prior case." *Turner v. Iowa State Bank & Tr. Co. of Fairfield*, 743 N.W.2d 1, 4 (Iowa 2007). In the absence of clearly-marked documents from the prior litigation, we could conclude the record is insufficient for our review. *Id.* ("Even if we were to take judicial notice of [a prior action], we cannot say with any certainty the issues raised in the probate action are identical to those raised in Turner's petition in the present case. Accordingly, at this stage of the proceedings we cannot determine if the theory of res judicata, issue preclusion, or claim preclusion bars Turner's claims.");[2] *Hemmingsen v. Mings*, No. 13-0770, 2014 WL 69769, at *2 (Iowa Ct. App. Jan. 9, 2014) (reviewing a ruling granting a motion to dismiss the second lawsuit filed by the Hemmingsens and holding, "Because the nature of the prior adjudication does not appear on the face of the petition or arise from matters of which the court may take judicial notice, the district court erred in granting the motion to dismiss"). But, on appeal, the parties have placed the pertinent documents from the prior actions in our appendix. Because the district court took judicial notice of the prior court proceedings, both parties to this action were parties to those proceedings, and the motion for summary judgment, resistance, and district court ruling identified the pertinent documents from the prior

---

[2] In *Turner*, the res judicata, claim-preclusion, and issue-preclusion issues were presented on a motion to dismiss and the court stated, "These defenses are better suited to be raised through a motion for summary judgment, where the necessary supporting documentation can be submitted for consideration by the court in ruling on the motion." 43 N.W.2d at 5.

proceedings, we conclude the record is adequate for us to review the merits of the court's ruling.[3]

### B.    Claim Preclusion

"The general rule of claim preclusion holds that a valid and final judgment on a claim bars a second action on the adjudicated claim or any part thereof." *Pavone v. Kirke*, 807 N.W.2d 828, 835 (Iowa 2011).  "[A] party must litigate all matters growing out of the claim, and claim preclusion will apply 'not only to matters actually determined in an earlier action but to all relevant matters that could have been determined.'" *Id.* (citation omitted).  "Claim preclusion may preclude litigation on matters the parties never litigated in the first claim." *Id.*  "An adjudication in a prior action between the same parties on the same claim is final as to all issues that could have been presented to the court for determination." *Id.* at 836 (citation omitted).  "Simply put, a party is not entitled to a 'second bite' simply by alleging a new theory of recovery for the same wrong." *Id.* (citation omitted).

> To establish claim preclusion a party must show: (1) the parties in the first and second action are the same parties or parties in privity, (2) there was a final judgment on the merits in the first action, and (3) the claim in the second suit could have been fully and fairly adjudicated in the prior case (i.e., both suits involve the same cause of action).

*Id.* (citation omitted).

In applying these factors, the district court stated:

> [The first lawsuit] involved a dispute of the land as well as damage to the land.  In the case at hand, the protected right deals with damage to the same land that was in dispute in the previous case.  Therefore, the first element is met.  When reviewing the alleged

---

[3] *In re Adkins* set forth the best practice when judicial notice is invoked: all judicially-noticed documents should be "marked, identified, and made a part of the record."  298 N.W.2d at 278.

wrong, the [Hemmingsens] claim damage and future damage of their property from construction, runoff, and tree removal. This is also the same alleged wrong from the previous case. . . . Finally, the evidence used in this case would be the same as in [the first lawsuit]—an expert will opine about possible damage to the property. Therefore, this claim could have been fully and fairly adjudicated in the prior case.

The prior lawsuit is identical in alleging the Mings interfered with the enjoyment of the [Hemmingsens'] property, the only difference the court finds is the difference in its theory of recovery.

On our review of the judicially-noticed petition from the first action, we discern no error in the district court's conclusion.[4] That lawsuit by certain landowners alleged the Hemmingsens trespassed on their property. The Hemmingsens, in turn, interpleaded the Mings. The first two counts of their third-party petition alleged a boundary dispute with the Mings. In the third count, the Hemmingsens alleged:

[T]he Mings have taken possession of the land located between the fence line and its respective "deed line" and ha[ve] prevented [them] from exercising their use and enjoyment of the area, and in some areas the Mings appear to have flattened the area with a bulldozer and have substantially changed the condition of the property as it previously existed, and may possibly have created erosion problems in the future in the process, or may have changed the natural flow of the surface water through said actions.

They further alleged the Mings "are believed to have cut down trees in said disputed area without the[ir] permission and consent." They claimed:

[E]ach Mings' trespass by taking possession of the land between the fence line and its respective "deed line" and its continuing trespass has damaged [them] by their prevention of [their] use and enjoyment of the area; by changing the area by the destruction of the trees and the flattening of the ground in the area; by bringing about conditions which may result in soil erosion and drainage problems in the future; and in ways which will surface in the future.

---

[4] We find it unnecessary to examine the second lawsuit.

The boundary dispute was resolved by settlement, which was approved by the district court. The entire first lawsuit was resolved by an order for judgment. Resolution of the lawsuit amounted to a "final adjudication on the merits." *Cf. Mensing v. Sturgeon*, 97 N.W.2d 145, 149 (Iowa 1959) (stating a "voluntary dismissal with prejudice after settlement and release constitutes a bar by agreement").

We recognize the district court did not address the count of the Hemmingsens' petition seeking damages for loss of use and enjoyment. But even though there was no agreed disposition of the third count, that count "could have been fully and fairly adjudicated in the original . . . action." *Pavone*, 807 N.W.2d at 838; s*ee also Arnevik v. Univ. of Minn. Bd. of Regents*, 642 N.W.2d 315, 320 (Iowa 2002) ("[I]t was Arnevik's duty to explore and discover all of her possible causes of action and to bring them at the same time she brought her first claim.").

We affirm the district court's grant of summary judgment in favor of the Mings.

**AFFIRMED.**