# IN THE COURT OF APPEALS OF IOWA

No. 20-1350
Filed September 22, 2021

**ERICH RIESENBERG,**
        Plaintiff-Appellant,

**vs.**

**SCOTT SANDERS, IN HIS OFFICIAL CAPACITY AS CITY MANAGER OF THE CITY OF DES MOINES, and THE CITY OF DES MOINES, IOWA, CITY COUNCIL,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Sarah Crane (motion to dismiss) and David Nelmark (summary judgment), Judges.

        Erich Riesenberg appeals the rulings dismissing his petition against the defendants. **AFFIRMED.**

        Erich Riesenberg, Des Moines, self-represented appellant.

        Michelle Mackel-Wiederanders, Assistant City Attorney, Des Moines, for appellee.

        Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

Erich Riesenberg filed a four-count petition alleging the city council of Des Moines and city manager Scott Sanders (collectively "City") violated Iowa law when the City entered into a contract with a private company for animal control property and services. Specifically, Riesenberg alleged the contract was illegal because it: (1) was exempted from competitive bidding without good cause, (2) prohibited public oversight, (3) subsidized a private company, and (4) imposed an illegal tax. Riesenberg cast his filing as a petition for writ of certiorari. The district court granted the City's motion to dismiss because Riesenberg's claims were not appropriate for certiorari action. The court then recast the proceeding as a declaratory-judgment action, dismissed count 1 for failure to state a claim, dismissed counts 2 and 4 for lack of standing, and found count 3 survived dismissal as a declaratory-judgment claim. The court later granted summary judgment in favor of the City on the remaining count, count 3.

Riesenberg appeals the rulings granting the City's motions to dismiss and for summary judgment. We review the district court rulings for correction of errors at law. *See Alons v. Iowa Dist. Ct.*, 698 N.W.2d 858, 863 (Iowa 2005) (certiorari); *Turner v. Iowa State Bank & Tr. Co.*, 743 N.W.2d 1, 2–3 (Iowa 2007) (motion to dismiss); *Wallace v. Des Moines Indep. Cmty. Sch. Dist. Bd. of Dirs.*, 754 N.W.2d 854, 857 (Iowa 2008) (summary judgment). In reviewing claims resolved by motion to dismiss, we view "the well-pled facts of the petition in the light most favorable to the plaintiff, resolving any doubts in the plaintiff's favor." *Turner*, 743 N.W.2d at 3. "A motion to dismiss is properly granted only if a plaintiff's petition on its face shows no right of recovery under any state of facts." *Rees v. City of*

*Shenandoah*, 682 N.W.2d 77, 79 (Iowa 2004) (altered for readability) (quoting *Trobaugh v. Sondag*, 668 N.W.2d 577, 580 (Iowa 2003)). In reviewing the claim resolved by summary judgment, we view the facts in the light most favorable to Riesenberg as the non-moving party, and we will affirm summary judgment only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Wallace*, 754 N.W.2d at 857 (quoting Iowa R. Civ. P. 1.981(3)).

Riesenberg raises numerous issues with the district court's rulings in his appellate brief. We find it necessary to address only the court's ultimate conclusions.

We begin with Riesenberg's claim the district court erred by concluding he could not seek review of the contract by a certiorari action. Initiation of certiorari actions are governed by Iowa Rule of Civil Procedure 1.1401, which states:

> A party may commence a certiorari action when authorized by statute or when the party claims an inferior tribunal, board, or officer, exercising judicial functions, or a judicial magistrate exceeded proper jurisdiction or otherwise acted illegally.

Riesenberg does not claim his action was authorized by statute, so, by rule, the only remaining manner by which Riesenberg could initiate a certiorari action would be if the City acted illegally in "exercising judicial functions." The district court found Riesenberg could not seek review of the contract by writ of certiorari because the City did not exercise "judicial functions" in approving the contract. We consider the following factors in determining whether a body exercised judicial functions:

> (1) whether the questioned act involves a proceeding in which notice and an opportunity to be heard are required; (2) whether a determination of rights of parties is made which requires the exercise of discretion in finding facts and applying the law thereto; or (3)

whether the challenged act goes to the determination of some right the protection of which is the peculiar office of the courts.

*Wallace*, 754 N.W.2d at 858 (internal quotations and citation omitted). None of these factors indicates the City exercised judicial functions. Riesenberg was not entitled to notice and an opportunity to be heard beyond open-meetings requirements, which do not convert an action into a judicial exercise. *See id.* The City did not determine the rights of parties or otherwise act as a court. *See Hoefer v. Sioux City Cmty. Sch. Dist.*, 375 N.W.2d 222, 223–25 (Iowa 1985) (finding a board exercised judicial functions in selecting from multiple bidders). The City simply chose how to appropriate money, which "is a legislative function left up to the discretion of the political system." *Wallace*, 754 N.W.2d at 859. We find no error in dismissing Riesenberg's claims as a certiorari action. In doing so, we note the court did not deny Riesenberg a forum but instead considered his claims as a proceeding for declaratory judgment. *See id.* ("We note the [petitioners] are not without a remedy.").

The court dismissed count 1 for failure to state a claim upon which relief could be granted. Count 1 alleges the City failed to show good cause when approving the contract. In his petition, Riesenberg asserts the City violated its ordinances, which allow the City to exempt contracts from the competitive bidding process only "for good cause shown." *See* Des Moines, Iowa, Mun. Code § 7-210 (2018). However, Riesenberg's petition acknowledges the City found good cause existed when it approved the contract. Relying only on the ordinance, Riesenberg complains the City did not make specific findings as to what constituted good cause when it approved the contract. The ordinance does not require the City to

make such findings, and the court did not err in dismissing count 1 for failure to state a claim.

The court dismissed counts 2 and 4 for lack of standing. To have standing, Riesenberg "must '(1) have a specific personal or legal interest in the litigation and (2) be injuriously affected.'" *Godfrey v. State*, 752 N.W.2d 413, 418 (Iowa 2008) (quoting *Alons v. Iowa Dist. Ct.*, 698 N.W.2d 858, 864 (Iowa 2005)). "A general interest shared by all citizens in making sure government acts legally is normally insufficient to support standing . . . ." *Id.* at 423–24. However, a person may acquire standing as a taxpayer if the person shows "some personal injury connected with the alleged" illegal act and "some link between higher taxes and the government action being challenged." *Id.*

In count 2, Riesenberg asserts the contract prevents public oversight through a provision stating, "Any inquiries from the media, which are specifically about the" private company, "will be immediately directed to the" private company. Riesenberg does not claim he is a member of the media or that he has had a request for information denied under this provision. In fact, his petition includes information and exhibits he obtained from the City regarding the contract. We agree Riesenberg has not shown a specific interest in this claim or injury resulting from this claim, and he does not have standing to pursue count 2.

In count 4, Riesenberg asserts the contract imposes an illegal tax on animal owners by requiring an owner to pay $25 per day to the private company if the animal is held during an administrative process. Again, Riesenberg does not claim he has ever been required to pay this boarding fee. The fact others may be required to pay for boarding does not establish standing for Riesenberg to

challenge the contract. Again, Riesenberg has not shown a specific interest in this claim or injury resulting from this claim, and he does not have standing to pursue count 4.

On summary judgment, the court dismissed count 3, which alleges the City is illegally subsidizing the private company. Riesenberg specifically alleges the City is illegally paying the private company and allowing the company to use City property in order for the private company to sell animals for profit. The district court treated this count as an allegation of a constitutional violation.[1] *See* Iowa Const. art. III, § 31 (stating "no public money or property shall be appropriated for . . . private purposes" without legislative approval). To succeed on a constitutional claim, Riesenberg must show "'an absence of all public interest in the purposes for which the appropriation' is made." *McMurray v. City Council of W. Des Moines*, 642 N.W.2d 273, 283 (Iowa 2002) (quoting *Richards v. City of Muscatine*, 237 N.W.2d 48, 61 (Iowa 1975)). As the district court noted, the City contracted with the private company to provide animal control, which is a legitimate exercise of the police power. *See Sentell v. New Orleans & C.R. Co.*, 166 U.S. 698, 701–03 (1897). We agree the contract shows a public purpose, and the court did not err in granting summary judgment to the City on count 3.

**AFFIRMED.**

---

[1] On appeal, Riesenberg also alleges the City violated the procedures of Iowa Code section 364.7 (2018) in providing money and property to the private company. Riesenberg did not raise section 364.7 until his rule 1.904(2) motion— and the district court did not address the section—which is insufficient to preserve the issue for appeal. *See Winger Contracting Co. v. Cargill, Inc.*, 926 N.W.2d 526, 543 (Iowa 2019). Even if Riesenberg's section 364.7 arguments were preserved for our review, he provided no evidence to support his assertion the City violated section 364.7.