**IN THE COURT OF APPEALS OF IOWA**

No. 21-0541
Filed April 13, 2022

**CHARLES MARTIN, CURTIS MARTIN, and BENNETT MACHINE & FABRICATING, INC.,**
        Plaintiffs-Appellants,

**vs.**

**JOSE G. ESPINOZA and DEERE AND COMPANY,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Jones County, Paul D. Miller, Judge.


        The plaintiffs appeal the dismissal of their petition due to a forum-selection clause. **REVERSED AND REMANDED.**


        Nick Critelli of CritelliLaw, P.C., Des Moines, and Joseph A. Peiffer and Austin J. Peiffer of Ag & Business Legal Strategies, Cedar Rapids, for appellants.

        Richard J. Sapp and Spencer S. Cady of Nyemaster, Goode, P.C., Des Moines, and Kenneth E. Rechtoris of Sheppard, Mullin, Richter and Hampton, LLP, Chicago, Illinois, for appellees.


        Considered by Schumacher, P.J., Ahlers, J., and Mullins, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**AHLERS, Judge.**

Charles Martin and Curtis Martin are shareholders of Bennett Machine & Fabricating, Inc. (Bennett Machine). The Martins and Bennett Machine filed this suit in Iowa against Deere & Company (Deere) and one of Deere's managers, Jose Espinoza. There is no claim that Iowa does not have personal jurisdiction over Deere and Espinoza. According to the petition, Bennett Machine and Deere had a business relationship for more than forty years, with Bennett Machine fabricating and supplying essential parts to Deere for use in final production of Deere's products. The petition also alleges that Espinoza, acting on behalf of Deere, made several false statements to the Martins and Bennett Machine to induce Bennett Machine to continue the business relationship and share proprietary information with Deere. These statements are alleged to include false assurances that Deere intended to continue purchasing parts from Bennett Machine for the foreseeable future. As part of the alleged scheme being perpetrated by Espinoza on behalf of Deere, the parties executed a promissory note (note) in 2019 whereby Bennett Machine and the Martins agreed to repay a $2,750,830.81 loan to Deere over seven years beginning in 2020. The petition alleges that in October 2019, Deere terminated the parties' business relationship, forcing Bennett Machine to cease operations and causing Bennett Machine and the Martins to default on the note. The petition asserts causes of action against Espinoza and Deere for fraudulent misrepresentation; fraudulent concealment; negligent misrepresentation; vicarious liability; breach of fiduciary relationship; breach of contract; and equitable rescission and restitution.

Deere and Espinoza filed a pre-answer motion to dismiss. They asserted the parties' relationship is governed by one or more forum-selection clauses that require all legal disputes to be addressed in the courts of Illinois. The district court agreed and dismissed the action. The Martins and Bennett Machine filed a motion to reconsider, which the court denied, and this appeal followed.

"We review rulings on motions to dismiss for correction of errors at law." *Karon v. Elliott Aviation*, 937 N.W.2d 334, 339 (Iowa 2020). Before addressing the merits of the motion to dismiss, we must first determine what information we are permitted to consider. We start with the general rule, which is that "[i]n determining whether to grant the motion to dismiss, a court views the well-pled facts of the petition in the light most favorable to the plaintiff, resolving any doubts in the plaintiff's favor." *Turner v. Iowa State Bank & Tr. Co. of Fairfield*, 743 N.W.2d 1, 3 (Iowa 2007). There is a corollary to this rule, which is that, when a petition references a document, the document can be considered in ruling on a motion to dismiss even when the document is not attached to the petition. *See Karon*, 937 N.W.2d at 347–48 (citing *King v. State*, 818 N.W.2d 1, 6 n.1 (2012)). Because the Martins and Bennett Machine reference the note in the petition, we are permitted to consider the terms of the note—including its forum-selection clause—even though the note was not attached to the petition. Based on this corollary, all parties agree that we can consider the terms of the note.

Deere and Espinoza seek to stretch this corollary by asking us to consider multiple other documents not referenced in the petition. They argue that the petition seeks damages stemming from the shutdown of Bennett Machine and the loss of anticipated future profits. They claim these allegations implicate the entire

business relationship between the parties, thus triggering consideration of other documents setting forth agreements of the parties, even though the other documents are not directly mentioned in the petition. In particular, Deere and Espinoza want us to consider (1) a long-term agreement signed by the parties in 2015, which included attached terms and conditions with a forum-selection clause requiring disputes to be resolved in Illinois courts; (2) past purchase orders that were subject to Deere's "General Terms and Conditions"; and (3) a document entitled "John Deere Terms and Conditions for the Purchase of Goods and/or Services," which Deere and Espinoza claim is the document incorporated by reference in the purchase orders and which includes a forum-selection clause requiring disputes to be resolved in Illinois courts. All these documents, coupled with affidavits explaining them, were submitted by Deere and Espinoza as attachments to their motion to dismiss.

Deere and Espinoza seek to stretch the corollary too far. We start by noting that, ordinarily, "[a] court cannot consider factual allegations contained in the motion [to dismiss] or the documents attached to the motion." *See Turner*, 743 N.W.2d at 3. We are not particularly concerned about Deere and Espinoza's sidestepping of this rule, because we recognize that the rule is relaxed and some evidence is permitted when the motion to dismiss is based on jurisdictional issues such as the validity of a forum-selection clause. *See, e.g., Hotchkiss v. Int'l Profit Assocs., Inc.*, No. 09-1632, 2011 WL 1378926, at *1 (Iowa Ct. App. Apr. 13, 2011). But we are concerned with how far Deere and Espinoza seek to stretch. This is not a case in which the parties agree that the documents Deere and Espinoza present for our consideration apply and are in effect. *See Karon*, 937 N.W.2d at

336 n.2 (noting that, in giving consideration to the forum-selection clause of a purchase agreement in ruling on a motion to dismiss, the parties did not dispute that the document at issue was the parties' purchase agreement, possibly suggesting a different outcome if that fact were disputed). To the contrary, the Martins and Bennett Machine deny that any of the disputed documents apply to the allegations in the petition. They point out that the long-term agreement, by its terms, expired before the events occurred that form the basis of this lawsuit, so that agreement arguably has no applicability to the issues in this case. Deere and Espinoza respond by noting that, even after the long-term agreement expired, Deere continued to purchase parts from Bennett Machine using purchase orders that are subject to Deere's "General Terms and Conditions." Deere and Espinoza assert that this ongoing practice makes the purchase orders and the "General Terms and Conditions" available for consideration.

We disagree with Deere and Espinoza. The petition makes no claim based on past purchase orders, such as those submitted by Deere and Espinoza. Instead, the petition seeks damages for lost future profits based on future purchases that never came to be. As those future purchases never took place, there is only speculation on what terms would have been agreed to by the parties regarding those purchases.

Given the factual disputes over the applicability of the extra documents Deere and Espinoza ask us to consider, we cannot consider them at this motion-to-dismiss stage. We express no opinion on the merits of any of the disputed issues over the applicability of the documents Deere and Espinoza seek to have us consider. We merely hold that, in following our rules for addressing a motion to

dismiss, we cannot and will not consider documents over which there is a factual dispute. Those issues will need to be addressed through the litigation process. As the note is the only document over which there is no dispute as to its applicability and that is mentioned in the petition, that is the only document we consider in reviewing the district court's ruling on the motion to dismiss.

We turn now to the note. The note contains the following forum-selection clause:

> **10.4 Submission to Jurisdiction.**
> (a) The Borrowers hereby irrevocably and unconditionally (i) agree[] that any legal action, suit, or proceeding arising out of or relating to this Note may be brought in the state or federal court of competent jurisdiction sitting in the State of Illinois and (ii) submit[] to the non-exclusive jurisdiction of any such court in any such action, suit, or proceeding.

Deere and Espinoza assert that this clause requires dismissal of this Iowa suit because the parties are required to resolve their dispute in Illinois. The Martins and Bennett Machine disagree. They claim the forum-selection clause was fraudulently induced. In order to set aside a contractual forum-selection clause based on fraud, "the fraud must relate to the clause itself." *Id.* at 335. Even at an early motion-to-dismiss stage, "general allegations of fraud in the inducement are insufficient to avoid enforcement of" a forum-selection clause. *Id.* at 346–47; *accord Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.14 (1974) (stating every allegation of fraud does not render a forum-selection clause unenforceable; rather, a "forum-selection clause in a contract is not enforceable if the inclusion of the clause in the contract was the product of fraud or coercion").

We need not decide whether the note's forum-selection clause is valid and enforceable. Even if it is, it does not prohibit this suit in Iowa. A forum-selection clause may be mandatory or permissive—also known as exclusive or non-exclusive. *Ostrem v. Prideco Secure Loan Fund, LP*, 841 N.W.2d 882, 901 (Iowa 2014). "Mandatory forum-selection clauses require a case to be brought in an identified venue based on specific language indicating the parties' intent to make jurisdiction exclusive." *High Plains Const., Inc. v. Gay*, 831 F. Supp. 2d 1089, 1102 (S.D. Iowa 2011) (citation omitted). "Permissive forum-selection clauses, on the other hand, constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum." *Id.* (citation omitted).[1]

The note contains a permissive forum-selection clause, as it provides that suit "may be brought in the state or federal court of" Illinois. By the clause's own terms, Illinois courts have "non-exclusive jurisdiction" over any matter "arising out of or relating to" the note. The note's forum-selection clause only authorizes the parties to pursue claims in Illinois; it does not mandate it. Nothing in the clause prevents the parties from filing in Iowa to litigate an issue "arising out of or relating

---

[1] The district court referred to the respective "weight" given to a mandatory or permissive forum-selection clause. *See High Plains Const.*, 831 F. Supp. 2d at 1102 ("[A] forum selection clause that is mandatory is given greater weight than a permissive one." (alteration in original) (citation omitted)). The clause's "weight" is a consideration under a request to transfer venue to another federal court under 28 U.S.C. section 1404. *See id.* ("When determining the appropriate venue, 'courts have determined that a valid and applicable forum selection clause in a contract is a significant factor that figures centrally in the district court's calculus.'" (citation omitted)). For purposes of our analysis, a forum-selection clause either does or does not allow a party to pursue a claim in Iowa, and the clause's "weight" for federal venue purposes is not a factor in our analysis. *See id.*

to" the note. Therefore, at this stage of the proceeding, we must reverse the district court's dismissal of the suit and permit it to continue in Iowa. However, we want to note the limited scope of our ruling. All we are saying is that, at this point in the litigation, the Martins and Bennett Machine are entitled to pursue and develop their claims in Iowa courts. Based on the record we have, the note provides no bar to doing so. As the litigation develops, additional facts may come to light that demonstrate that other documents influence the claims, and the claims may be limited or dismissed to the extent they are controlled by forum-selection clauses in other documents or for other reasons. We express no opinion on such future events.

We reverse the district court's order dismissing the petition. We remand for further proceedings accordingly.

**REVERSED AND REMANDED.**