# IN THE COURT OF APPEALS OF IOWA

No. 23-0741
Filed October 16, 2024

**DOUGLAS KELLEY, Executor of the Estate of GREGORY AUTENRIETH,**
   Plaintiff-Appellant,

**vs.**

**SAVINGS BANK PRIMGHAR,**
   Defendant-Appellee.
_____

Appeal from the Iowa District Court for O'Brien County, Nancy L. Whittenburg, Judge.

A trust beneficiary's estate appeals the district court's grant of summary judgment on its claim that the trustee negligently breached its fiduciary duty to the beneficiary. **AFFIRMED.**

Steve Hamilton of Hamilton Law Firm, P.C., Storm Lake, for appellant.

Paul W. Deck Jr. of Deck & Deck, L.L.P., Sioux City, for appellee.

Considered by Ahlers, P.J., Langholz, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**LANGHOLZ, Judge.**

Does a trustee owe a duty to ensure a trust's life beneficiary understands his right under the trust to dispose of any remaining trust property in his will? Gregory Autenrieth had such a general power of appointment under the terms of a trust. But he did not exercise it in his will before he died. So Autenrieth's estate sued the trustee, Savings Bank Primghar, claiming that the bank negligently breached its fiduciary duties as trustee by failing to recognize Autenrieth did not understand his right to exercise the power of appointment in his will and advise him about it.

With the agreement of the parties that the material facts were undisputed, the district court granted summary judgment to the bank. The court decided that the bank did not violate any duty owed to Autenrieth as trustee under Iowa law. And we agree that the district court did not err. Because Autenrieth was provided a copy of the trust's terms as required by the Iowa Trust Code and he never asked for any more information from the bank, it complied with all its duties under Iowa law. Even on appeal, Autenrieth's estate still has not pointed to any statute or precedent that establishes the broader duty it claims the bank breached. We thus affirm the district court's grant of summary judgment dismissing the estate's claim.

I.

In 2006, Gregory Autenrieth's father created a revocable living trust. The trust's terms provided that upon the father's death, a share of the trust would be established for the benefit of Autenrieth. During his lifetime, Autenrieth would receive "income and principal" distributions "as necessary for his health, education, maintenance and support."

The trust also gave Autenrieth a choice in who receives any remaining trust property upon his death.  This general power of appointment provided that:

> If [Autenrieth] dies prior to receiving distribution in full of the trust, the remaining property of the trust shall be distributed as he may appoint by his last will, with specific reference to the power herein given, which power may be exercised in favor of any person or charity or the beneficiary's estate or the creditors of the beneficiary's estate. . . .
> If [Autenrieth] dies prior to receiving distribution of the Trust, not having exercised the general power of appointment or having exercised it only partially, all the property as to which such power is not exercised shall be distributed as provided in Article 11 Contingent Beneficiaries.

So Autenrieth could, through his will, appoint certain individuals, entities, or charities to receive the trust property upon his death.  But if Autenrieth's will did not make any appointments, then the trust identified contingent beneficiaries to receive the trust property.

In 2015, Autenrieth's father died, triggering Autenrieth's trust.  The then-trustee wrote to Autenrieth notifying him of the trust and enclosing a copy of the trust document.  The trust was later transferred to Savings Bank Primghar, which took over as successor trustee.

In early 2016, Autenrieth met with the bank to discuss administration of the trust.  The bank asked Autenrieth to provide the names of his attorney and accountant, along with a copy of his will.  It also advised him to contact an attorney and accountant for advice on managing his assets and affairs.  Indeed, Autenrieth hired an attorney to assist him with his estate planning and eventually supplied a copy of the will to the bank.  But Autenrieth did not exercise his power of appointment to direct the disposal of the remaining trust property in his will.

In May 2020, Gregory Autenrieth died. His will named Douglas Kelley as the executor of his estate. He left the residue of his estate to Kelley and Mary Iverson in equal shares.

Much litigation followed.[1] In this suit, Kelley—as executor of Autenrieth's estate—sued the bank, asserting two claims. First, the estate claimed that the bank failed to give Autenrieth a copy of the trust document, violating Iowa Code section 633A.4213(1) (2021) and preventing him from exercising the power of appointment to dispose of the trust property in his will to Iverson and Kelley (who again, is also the executor asserting the claim). And second, the estate asserted the bank violated its duty as trustee by failing to "recognize[] a lack of understanding on the part of Gregory Autenrieth" about the power of appointment and failing to "advise[ him] of the nature and effect of the power of appointment," again preventing him from disposing of his property in his will to Kelley and Iverson.

---

[1] At first, the bank distributed trust funds to Kelley and Iverson and then demanded them back after realizing that distribution may have been an error. When they refused, the bank sued them for conversion and sought a declaratory judgment that they were not entitled to the funds. After a flurry of litigation—including an unsuccessful attempt by the estate to intervene to bring the claims they now assert here—that case came before our court. In a decision issued while *this* case was already far along its parallel path, we affirmed the district court's finding that Autenrieth "failed to exercise his general power of appointment and the [b]ank is entitled to the possession of the funds distributed to Iverson and Kelley because they are not contingent beneficiaries under the [t]rust." *Sav. Bank Primghar v. Kelley*, No. 21-1214, 2022 WL 3440702, at *6 (Iowa Ct. App. Aug. 17, 2022). But we also decided it was inappropriate for the court to rule at that time on "the ultimate distribution of the [trust] funds." *Id.* at *4. And we held that the court should have let the estate intervene to assert its claims against the bank related to the trust funds. *See id.* at *5–6. Even so, on remand, with the parties' agreement, that case ended with the court ordering the bank to distribute the remaining trust property to the contingent beneficiaries named in the trust expressly "without prejudice" to the estate's claim against the bank here.

In an interlocutory ruling that has not been appealed, the district court granted summary judgment for the bank on the estate's first claim. The court reasoned that the undisputed facts showed that Autenrieth was sent the trust document by first-class mail by a previous trustee and thus the requirements of Iowa Code section 633A.4213(1) were met.

Later, the district court also granted the bank summary judgment on the estate's second claim. The parties agreed that the material facts were undisputed but disputed what duty Iowa law imposes on the trustee to advise a beneficiary. The court held that the bank "did not have a duty to advise Gregory Autenrieth about the power of appointment found in the trust agreement," reasoning that the estate had "fail[ed] to cite to any applicable Iowa statute or case law" supporting such a duty. And the court held that the bank complied with all its statutory duties under the Iowa Trust Code because Autenrieth was "provided with a copy of the trust agreement" and never "request[ed] information relating to the power of appointment" from the bank. The estate appeals only this ruling dismissing its second claim against the bank.

II.

We review a decision granting summary judgment for correction of errors at law. *See Roberts v. Roberts*, 6 N.W.3d 730, 735 (Iowa 2024). Summary judgment is properly granted when "the party seeking it demonstrates that there are no disputed issues of material fact and that application of the law to the undisputed facts compels judgment in that party's favor." *Buboltz v. Birusingh*, 962 N.W.2d 747, 754 (Iowa 2021). We view the evidence "in the light most favorable to the party resisting" summary judgment. *Id.*

As in the district court, the material facts are essentially undisputed.[2] Rather, the parties present us a legal dispute to resolve—whether the bank owed a duty as trustee to ensure that Autenrieth understood his right under the trust to dispose of any remaining trust property in his will by exercising the general power of appointment under the trust.

To decide it, we start with the text of the Iowa Trust Code. *See* Iowa Code ch. 633A. The Trust Code imposes a range of duties on trustees. *See* Iowa Code §§ 633A.4201–.4309; *Turner v. Iowa State Bank & Tr. Co.*, 743 N.W.2d 1, 5 (Iowa 2007). But the only provision arguably implicated in advising the beneficiary of his rights under the trust is section 633A.4213, which imposes a duty to "keep the qualified beneficiaries of the trust reasonably informed about the administration of the trust and the material facts necessary to protect the beneficiaries' interests." Iowa Code § 633A.4213. It goes on in detail to impose specific requirements, including as relevant here a duty to inform a beneficiary of the "right to receive an annual accounting and a copy of the trust instrument." *Id.* § 633A.4213(1). The trustee must do so at specific triggering events, such as at "commencement of the trust administration" and when the trust becomes "irrevocable." *Id.* § 633A.4213(2)(a), (c). A violation of these duties is actionable by the beneficiary or a beneficiary's estate. *Id.* §§ 611.20, 633A.4501.

---

[2] The estate makes a stray remark that "[t]he expert opinion of David Leitner," a probate attorney, "generates a fact question" about the duty owed by a trustee to a beneficiary. Assuming such a brief reference is sufficient to make that argument, and that it is preserved even though the estate did not dispute any facts before the district court, the duty owed by the trustee to a beneficiary under Iowa law is a legal question, not a fact question. *Cf. Sabin v. Ackerman*, 846 N.W.2d 835, 839–45 (Iowa 2014) (considering whether "to impose a new duty on lawyers" as "a legal question [that] is thus susceptible to summary judgment").

Consistent with these statutory duties, Autenrieth was provided a copy of the trust when it became irrevocable. And beyond that, at Autenrieth's first meeting with the bank, its employee informed Autenrieth he should consult an attorney to understand the trust terms and to devise a will. Autenrieth followed this advice and obtained an attorney to assist in his administrative affairs. What's more, this attorney knew of the trust's existence from Autenrieth and worked with Autenrieth to craft his will.

Before the enactment of the Trust Code, Iowa courts similarly recognized a trustee's duty to inform under the common law. *See* Martin D. Begleiter, *In the Code We Trust—Some Trust Law for Iowa at Last*, 49 Drake L. Rev. 165, 249 (2001) [hereinafter Begleiter]. But "very little case law has developed to define the scope of the duty." *Id.* A trustee must provide beneficiaries adequate information related to the trust, such as "what the trust is and how the trustee has dealt with it." *Schildberg v. Schildberg*, 461 N.W.2d 186, 191 (Iowa 1990). The duty also includes informing "beneficiaries of the existence of the trust, of their status as beneficiaries and their right to obtain further information, and of basic information concerning the trusteeship." Restatement (Third) of Trusts § 82(1)(a) (Am. L. Inst. 2007). Generally, the information a trustee must disclose to the beneficiary includes: "the existence, source, and name (or descriptive reference) of the trust; the extent and nature (present or future, discretionary or conditional, etc.) of their interests; the name(s) of the trustee(s), contact and compensation information, and perhaps the roles of co-trustees," along with the beneficiary's right to request further information. *Id.* § 82 cmt. b.

Of course, a beneficiary always has the right to request more information than initially received concerning the trust's terms. *See id.*; *see also id.* § 82 cmt. a(2) ("[A] beneficiary is always entitled . . . to request such information as is reasonably necessary to enable the beneficiary to prevent or redress a breach of trust and otherwise to enforce his or her rights under the trust."). But this does not mean the trustee must explain every detail of the trust instrument and ensure the beneficiary is fully aware of each term's significance. And from this, the duty does not mean the trustee must ensure the beneficiary hews their own estate plan to maximize a non-beneficiary's interest in the trust. A trustee rarely has a duty to provide specific information without a beneficiary's request. Begleiter, 49 Drake L. Rev. at 249–50.

The bank's common-law duty was thus also fulfilled when Autenrieth received a copy of the trust document and adequate disclosures. Autenrieth was informed of the trust, his role as beneficiary, the role of the bank as trustee, and advised to seek legal advice. He did in fact seek the advice of an attorney. The information the trustee bank provided at the start gave enough information for Autenrieth (or his attorney) to either make an informed request for further information or devise his will with the proper appointing language. *See* T.P. Gallanis, *The Trustee's Duty to Inform*, 85 N.C. L. Rev. 1595, 1627 (2007) ("There must be enough information provided automatically so that the beneficiaries can make an informed request."). And neither the attorney nor Autenrieth ever asked for more information from the bank.

At bottom, the estate has failed to support its novel legal theory with governing or persuasive authority. It has not directed us to any Iowa statute or

precedent—or common-law precedent from any state—that extends a trustee's duty so far that it requires the trust to affirmatively ensure the beneficiary understands his right under the trust to dispose of any remaining trust property in his will.  And none of the out-of-state cases the estate cites is even somewhat analogous to the expansive duty it seeks to enforce here.  The district court did not err in holding that the bank did not violate any duty as trustee to its beneficiary, Autenrieth, under Iowa law.  And so, it correctly granted summary judgment on the estate's claim against the bank.

**AFFIRMED.**